**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 10:56 AM January 5, 2021**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| JASON E. DANALS AND | ) CASE NO. 20-60773 |
| GLENDA L. DANALS, | ) |
| | ) RUSS KENDIG |
| Debtors. | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On October 15, 2020, Debtors filed a motion to avoid a lien held by Truist Bank/Service Financial Co., LLC. ("Truist") The lien arises from a bathroom remodeling project that included installation of a walk-in shower. Debtors seek to avoid the lien under 11 U.S.C. § 522(f)(1)(b)(i). No objections were filed. For the following reasons, the motion is **DENIED.**

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(K). The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

Section 522(f)(1)(B)(i) permits avoidance of a lien that impairs an exemption if the lien is "a nonpossessory, nonpurchase-money security interest in any—(i) household furnishings, households goods, wearing apparel, appliances, books . . . held primarily for the personal, family, or household use of the debtor . . . ." Based on the documentation provided, the court is not convinced the lien results from a nonpurchase-money security interest. The court also questions whether the walk-in shower qualifies as a household furnishing, good or appliance under either section 522(f)(1)(B)(i) or the O.R.C. § 2329.66(a)(4)(A) exemption. *See, e.g.,* Swainsboro Fin. Serv., Inc. v. Alexander (In re Alexander), 1991 WL 11002453, *1 (Bankr. S.D. Ga. 1991) (opining under Georgia law that if a satellite TV "is a fixture, it loses its character as personalty and therefore could not be a household good.") Debtors bear the burden of proof, by a preponderance of the evidence, on a motion to avoid a lien. In re Pace, 569 B.R. 264, 269 (B.A.P. 6th Cir. 2017) (citations omitted). Debtors have failed to set forth a sufficient legal foundation for avoidance and therefore have not met their burden of proof. The motion is therefore denied.

It is so ordered.

#      #      #

**Service List:**

Rebecca K. Hockenberry
Thompson & Hockenberry Co LPA
371 Lexington Avenue
Mansfield, OH 44907

Service Finance Co LLC
555 S Federal Hwy #200
Boca Raton FL 33432

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702